UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Fredrick Amoche, Jon Valliere, and Diane Dauphinais, for themselves and on behalf of all others similarly situated

v. Civil No. 07-cv-371-JD

Guarantee Trust Life Insurance Company

O R D E R

In July of 2007, Fredrick Amoche, Jon Valliere, and Diane Dauphinais ("plaintiffs") filed an amended complaint in state court as a putative class action for breach of contract against Guarantee Trust Life Insurance Company ("GTL"). GTL removed the action to this court based on diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A). Plaintiffs move the court to remand the proceeding to state court. GTL objects.

Background

Fredrick Amoche and Jon Valliere[1] brought a class action lawsuit against GTL alleging various state law contract claims[2] in the New Hampshire Superior Court, Hillsborough County, Northern District ("Superior Court"). GTL, an Illinois company, is a credit insurer that underwrites "single premium" credit life insurance and credit disability insurance policies that are marketed through agents and automobile dealers. Initially, the plaintiffs sought to represent a class of automobile purchasers who acquired credit life and/or credit disability insurance coverage from GTL in New Hampshire only. The plaintiffs alleged that they paid off their credit-insured loans prior to the coverage expiration dates, but GTL failed to refund to them the unused portion of insurance premiums, after the insurance terminated.

The Superior Court granted class certification as to Count I, the breach of contract claim. In May of 2006, the Superior Court granted summary judgment in favor of the plaintiffs for

---

[1]Amoche and Valliere later filed a Second Amended Declaration, adding Diane Dauphinais as an additional party plaintiff.

[2]Amoche and Valliere brought claims against GTL for breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), restitution (Count III), and equitable relief (Count IV).

their breach of contract claim on liability only.[3]

Over a year later, on July 12, 2007, the plaintiffs filed a motion seeking leave to file a proposed Third Amended Declaration to expand the scope of the class. In October, the Superior Court granted this motion. The class, as defined in the Third Amended Declaration (hereinafter "Complaint") is "comprised of all persons who: (a) Purchased a motor vehicle and allowed the dealership to obtain vehicle financing for them; (b) The dealership charged them for GTL credit life and/or credit disability insurance coverage on the motor vehicle financing; (c) GTL's certificate of insurance evidencing the coverage identified any of the following creditors as the beneficiary[4]; (d) They paid off their credit-insured loan prior to the coverage expiration date; (e) GTL's files show it never processed the unearned premium; and (f) They never received their unearned premium."

---

[3]The Superior Court held that GTL breached its promise "that it would refund unearned premiums to insured debtors who prepaid their loan indebtedness in full prior to the full scheduled termination date." GTL Notice of Removal, Ex. 4, at 11.

[4]The plaintiffs name nine creditors as the beneficiaries of the credit insurance: (1) American Honda Finance Corporation; (2) DaimlerChrysler Financial Services; (3) Ford Motor Credit Corporation; (4) General Motors Acceptance Corporation; (5) Nissan Motor Acceptance Corporation; (6) Toyota Motor Credit Corporation; (7) Chase Manhattan Automotive Finance Corporation; (8) Citizens Bank; or (9) Bank of New Hampshire (n/k/a/ TD Banknorth).

GTL Notice of Removal ("Notice"), Ex. 5, Complaint, ¶36.

In the October 2007 Order granting the plaintiffs leave to file an amended declaration, the Superior Court stated "plaintiffs seek to expand the class to include consumers from sixteen (16) other states that have enacted consumer protection legislation similar to that of New Hampshire." GTL Notice, Ex. 6, at 1. A few days later, the plaintiffs filed a motion to amend, stating that the "Plaintiffs are not locked into that number [of sixteen states], but want the [Superior] Court to amend its order to merely say a range, which would be from 10 to 20 other states. This is not a substantive change, but one that would more accurately reflect a likely national scenario." GTL Notice, Ex. 7, at 1.

On November 15, 2007, GTL filed a Notice of Removal to remove this case from the Hillsborough County Superior Court to this court pursuant to CAFA, based on diversity jurisdiction. The plaintiffs moved to remand the case to state court. GTL objected to the plaintiffs' motion to remand, attaching an affidavit from Reed Gass, the Vice President of the Credit Insurance Division of GTL. The plaintiffs filed a reply.

Discussion

GTL asserts that removal to federal court is warranted under CAFA because it is an Illinois corporation and the amount in controversy exceeds the statutory minimum. The plaintiffs contend that the court should remand the case to state court because GTL has not demonstrated that the amount in controversy exceeds five million dollars.

A. Standard of Review

CAFA "added a new provision governing diversity jurisdiction, which requires that the amount in controversy exceed $5,000,000." Scott v. First Am. Title Ins. Co., 2007 WL 135909, at *1 (D.N.H. Jan. 17, 2007) (citing § 1332(d)(2)). "That amount is determined based on the aggregate amount of the class members' claims." Id. (citing Frazier v. Pioneer Americas LLC, 455 F.3d 542, 545 (5th Cir. 2006)). "Despite the new requirements under [CAFA], the burden remains on the defendant in a removed case to establish that federal subject matter jurisdiction exists." Scott, 2007 WL 135909, at *1.

Where a plaintiff has alleged an unspecified or indeterminate demand for damages in the complaint, the defendant must show by a preponderance of the evidence that the amount in

controversy is above the statutory minimum.[5] Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006); Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006). The preponderance of the evidence standard means "the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds [the statutory minium]."[6] Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation marks omitted); Kivikovski v. Smart Prof. Photocopying Corp., 2001 WL 274763, at *1 (D.N.H. Feb. 20, 2001).

In this case, the Complaint does not state a determinate amount of damages. Instead, the plaintiffs allege that "GTL has failed to refund over a million dollars in unearned premiums owed

---

[5]By contrast, if the plaintiff expressly limits the claim below the jurisdictional amount as a precise statement in the complaint, the proponent of federal subject matter jurisdiction must show to a legal certainty that the amount in controversy exceeds the statutory threshold. Frederico v. Home Depot, 507 F.3d 188, 196-197 (3d Cir. 2007).

[6]"The First Circuit has not yet decided the standard that applies when the defendant argues that the plaintiff has understated her claim for damages to preclude federal jurisdiction." Satterfield v F.W. Webb, Inc., 334 F. Supp. 2d. 1, 3 (D. Me. 2004). In this district, the court has applied the preponderance of the evidence standard when the plaintiff does not allege a specific amount of damages in the complaint. Evans v. Yum Brands, Inc., 326 F. Supp. 2d 214, 219-220 (D.N.H. 2004); see also Lowe v. Sears Holding Corp., 545 F. Supp. 2d. 195, 196 (D.N.H. 2008); Kelleher v. Marvin Lumber & Cedar Co., 2000 WL 1507433, at *2 (D.N.H. June 13, 2000).

to them and the class members." GTL Notice, Ex. 5, ¶3. The Complaint does not allege how much over a million dollars is in dispute. Because the plaintiffs allege an unspecified demand for damages, the preponderance of the evidence standard applies.

B. Determining the Amount in Controversy

GTL offers two alternative theories to show that the jurisdictional amount is satisfied. GTL contends that either: (1) it is facially apparent from the Complaint that this case exceeds five million dollars; or (2) the Reed Gass Affidavit, submitted with GTL's opposition to the plaintiffs' motion to remand, provides sufficient evidence to show that the amount in controversy exceeds the statutory threshold. The plaintiffs argue that both of GTL's theories fail because they are based on speculation and are insufficient to show by a preponderance of the evidence that over five million dollars are in dispute.

The preponderance of the evidence standard "may be fulfilled in one of two ways." Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 639 (5th Cir. 2003). "First, jurisdiction will be proper if it is facially apparent from the plaintiffs' complaint that their claims are likely above [the jurisdictional minimum]." Id. (internal quotation marks and citations omitted); see also Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998 (9th Cir.

2007) (the court's "starting point" is the facially apparent test). Second, if the value of the claim is not facially apparent from the complaint, the court may consider "summary-judgment-type" evidence. Yum Brands, 326 F. Supp. 2d. at 220 (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1996)). Under either standard, if the dollar figure per claim is apparent from the complaint, "the number of class members will determine the amount in controversy through the operation of simple multiplication." Vanyo v. CitiFinancial, Inc., 2007 WL 1795959, at *1 (N.D. Ohio June 20, 2007).

1. Facially Apparent

GTL argues that it is facially apparent from the Complaint that this case exceeds the jurisdictional minimum because the Complaint estimates that the amount per claim is two hundred dollars and the allegations in the Complaint suggest that there will be over 25,000 claimants.[7] The plaintiffs disagree, contending that it is not facially apparent that this case exceeds the jurisdictional minimum because: (1) GTL's calculation is based on speculation and (2) the Complaint alleges that "over a million dollars" are in dispute and does not expressly state

---

[7]By multiplying two hundred dollars by 25,000, GTL asserts that this case exceeds five million dollars.

that over five million dollars are in controversy.[8]

"'[W]here the district court is making the facially apparent determination, the proper procedure is to look only at the face of the complaint[.]'" Yum Brands, 326 F. Supp. 2d. at 220 (quoting Allen, 63 F.3d at 1336). The defendant may rely solely on the plaintiffs' allegations in the complaint without offering additional evidence. Yum Brands, 326 F. Supp. 2d. at 220. A defendant's "simple say-so," however, without sufficient information in the complaint, will not suffice to meet the facially apparent test. Id.; see also Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004)(court held that it was not facially apparent that case exceeded $75,000 minimum where "the only discrete sum requested" in the plaintiff's complaint is "general damages . . . in excess of $50,000").

In this case, the plaintiffs' Complaint does not seek a specific amount of damages but instead alleges that "GTL has

---

[8]In reply, GTL argues that the plaintiffs have mischaracterized the allegations in their pleadings by reading in limitations that do not appear in the Complaint to limit the amount in controversy. The court did not consider any changes to the allegations in the Complaint because plaintiffs may not alter the amount in controversy post-removal to avoid federal jurisdiction. Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001)(quoting St. Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938))("events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction").

failed to refund over a million dollars." GTL Notice, Ex. 5, ¶3 (emphasis supplied). Although the Complaint alleges that each claim is approximately two hundred dollars, the Complaint is far less specific as to the number of claimants. GTL's conclusion that there are over 25,000 claimants is based on conjecture because the Complaint does not allege what "a substantial percentage" of "hundreds of thousands" of credit insurance certificates is except for stating that the class includes "thousands of members" and "is composed of persons who bought GTL's credit insurance from motor vehicle dealers throughout New Hampshire and a number of other states." GTL Notice, Ex. 5, ¶3 and ¶39(a) and (e)(iii) (emphasis supplied). Because the Complaint does not allege a specific or determinate number of claimants, a simple multiplication cannot be done and it is not facially apparent from the Complaint that there are over five million dollars at stake in this litigation.

2. Summary Judgment-Type Evidence

GTL also argues that removal is warranted based on the Reed Gass affidavit which was not provided in its original removal notice.[9] Reed Gass is the Vice President of the Credit Insurance

[9] GTL has not submitted any other evidence to support removal.

Division at GTL and has held that position since November 1, 2005. Gass concludes that the amount in controversy in this case "almost certainly exceeds $5 million" based on two theories. First, he argues that the jurisdictional minimum is satisfied because GTL conducts business in forty-one states and the credit finance companies listed in the Complaint conduct business nationwide. Second, Gass concludes that the amount in controversy exceeds five million dollars because GTL has paid $452,472.29 in credit insurance refunds in New Hampshire alone. The plaintiffs disagree with both of Gass's conclusions.

When the facially apparent test is not satisfied, the defendant must offer summary-judgment-type evidence that the amount in controversy exceeds the jurisdictional minimum. Yum Brands, 326 F. Supp. 2d. at 220. The defendant may offer such evidence after filing the notice of removal as long as the evidence is relevant to the amount in controversy at the time of removal.[10] Valdez, 372 F.3d at 1117; Yum Brands, 326 F. Supp. 2d. at 220. A defendant may prove the jurisdictional amount by providing, "'contentions, interrogatories or admissions in state court[;] by calculation from the complaint's allegations[;] by

[10]In contrast, the Eleventh Circuit requires the defendant to establish that removal is proper solely on the basis of the notice of removal. Lowery v. Alabama Power Co., 483 F.3d 1184, 1215-1217 (11th Cir. 2007).

reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees about how much it would cost to satisfy the plaintiff's demands.'" McPhail v. Deere & Co., 529 F.3d. 947, 954 (10th Cir. 2008) (quoting Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 541-42 (7th Cir. 2006)).

Absent such evidence, or if the defendant relies on guesswork, removal will not be warranted because a court "cannot base [its] jurisdiction on [a] [d]efendant's speculation and conjecture."[11] Lowdermilk, 479 F.3d at 1002. A court cannot rely on conjecture because "[u]ncertainties regarding the amount in controversy are resolved in favor of remand." Nollet v. Palmer, 2002 WL 1674379, at *2 (D.N.H. July 18, 2002); see e.g. Miedema, 450 F.3d at 1332 (where defendant's declaration was not based on actual data and was "merely a guess," court held that "great uncertainty" remained about the amount in controversy requiring a remand to state court).

In this case, the Gass affidavit provides facts that are relevant to the amount in controversy at the time of removal,

[11]Although the court in Lowdermilk applied the legal certainty test, the court's language cautioning courts to reject a defendant's evidence that is based on speculation and conjecture is applicable when a court utilizes the preponderance of the evidence standard. See e.g. Miedema, 450 F.3d at 1332.

November 15, 2007, and therefore, may be considered. Gass concludes that the claims will exceed five million dollars because GTL conducts business in forty-one states and because of the "volume of motor vehicle financing" and the "nationwide scope" of the credit finance companies listed in the Complaint that are identified as the beneficiaries of the GTL credit insurance. GTL Opp., Ex. 1, Gass. Aff., ¶11. The allegations in the plaintiffs' Complaint, however, relate to those consumers who purchased GTL credit insurance through certain listed agents or dealers and were entitled to a refund of the unearned premiums. Because of these limitations, the class is not as broad as all GTL customers in every state where GTL conducts business who also identify one of the motor vehicle financing companies listed in the Complaint as the beneficiary of the insurance.

Gass admits that GTL "cannot itemize and quantify the specific number of persons who paid their loans prior to the coverage expiration date and who did not receive an unearned premium refund."[12] GTL Opp., Ex. 1, ¶12. Without such evidence,

---

[12]Gass explains that the reason that GTL cannot quantify the amount of potential purchasers who are entitled to a refund is "because the primary situation in which an unearned premium would not have been paid occurs when GTL does not receive notice from the insured or the loan holder or lender that the underlying loan was paid prior to the coverage expiration date[.]" GTL Opp., Ex. 1, ¶12 (emphasis in original).

Gass's conclusion that the class size is composed of all GTL customers in forty-one states is based on speculation. Where a defendant offers evidence about the class size that is overly broad and "encompasses a broader universe" of claimants than alleged in the plaintiff's complaint, the defendant does not satisfy its burden. Pittman v. Chase Home Fin., LLC, 2007 WL 2156395, at *4 (N.D. Ohio July 25, 2007). Compare Nowak v. Innovative Aftermarket Sys. L.P., 2007 WL 2454118, at *5 (E.D. Mo. Aug. 23 2007)(where "[defendants] offered no evidence indicating the actual number of persons that are potential class members nor the exact amount of damages for each of those persons," the court held that "defendants' calculation [wa]s based on mere speculation"); with Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005) (where the maximum amount per claim was $1500 per offending fax, "Countrywide did all that is necessary by admitting that one of its employees sent at least 3,800 fax ads" because $1500 multiplied by 3800 is over five million dollars).

Gass's second theory is that over five million dollars are in controversy because GTL owes $452,472.29 in credit insurance refunds to New Hampshire claimants. Gass reasons that New Hampshire is one of the smaller states where GTL conducts business and therefore, "most, if not all, combinations of ten to

twenty states in addition to New Hampshire would have to include states in which GTL conducts more business than in New Hampshire." GTL Opp., Ex. 1, ¶19. He concludes that if just eleven more states in addition to New Hampshire (totaling twelve) are included in this lawsuit, the jurisdictional amount will be satisfied because the amount in controversy will be in "excess of $5,400,000."[13] Id.

The plaintiffs, however, have cast doubt on the $452,472.29 figure Gass uses and offer their own estimate that indicates that the amount GTL has paid in credit refunds in New Hampshire may be far less. Specifically, the plaintiffs contend that Gass's analysis of the New Hampshire data is misleading because: (1) he includes refunds generated for New Hampshire class members whose loans were held by creditors not implicated in the class definition; (2) he ignores state-to-state differences in GTL's business practices; (3) he does not factor in differences in the credit insurance contracts that GTL uses in each state; and (4) he fails to take into account that many of GTL's credit insurance loans are issued directly through credit unions and banks rather than automobile dealerships which are the only type of loans that are at issue in this case.

---

[13]Twelve multiplied by $452,472.29 equals $5,429,667.48.

After removing the creditors that are not implicated in the class, the plaintiffs contend that GTL has paid at most $221,912 in credit insurance refunds in New Hampshire and that in order to reach five million dollars worth of damages, GTL would have to establish that there are claimants from a total of twenty-three states.[14] The Superior Court, however, limited the class size to sixteen states. Therefore, using the lower amount of New Hampshire refunds alleged by the plaintiffs, the jurisdictional amount would be below five million dollars because sixteen states multiplied by $221,912 equals $3,550,592.[15] Where, as here, a plaintiff successfully rebuts the evidence that the defendant relies upon, the defendant cannot meet the preponderance of the evidence burden. See Lowe's Ok'd Used Cars, Inc. v. Acceptance Ins. Co., 995 F. Supp. 1388, 1393 (M.D. Al. 1998); see also Heinhuis v. Wilkes, 2002 WL 1610963, at *4 (E.D. La. July 17, 2002)(unreported decision) ("Having nothing but minimal offsetting evidence as to the amount in controversy, the Court concludes that the removing defendants have not met their burden

---

[14]Twenty-three multiplied by $221,912 equals $5,103,976.

[15]In the plaintiffs' motion to amend, they estimate that claimants from ten to twenty states are in the class. Even using twenty states, the amount in controversy is also below five million dollars because twenty multiplied by $221,912 equals $4,438,240.

of establishing that the amount in controversy exceeds the jurisdictional amount.”).

The plaintiffs’ theory that the total amount of damages is less than five million dollars is as persuasive as Gass’s conclusion that the damages in this case are in excess of $5,400,000. Without more specific information as to the number of claimants nationwide or the amount paid by GTL in credit insurance refunds in states other than New Hampshire, the amount in controversy is uncertain. Because uncertainties exist regarding the amount in controversy, doubts must be resolved in favor of remand. See Nollet, 2002 WL 1674379, at *2.

GTL has failed to show by a preponderance of the evidence that the amount in controversy exceeds five million dollars. Therefore, this court lacks subject matter jurisdiction and this case must be remanded to state court.[16]

---

[16]On March 25, 2008, the plaintiffs moved for leave to file a declaration of Edward K. O’Brien, counsel for the plaintiffs. On April 7, 2008, GTL objected to this motion. The court did not consider this declaration in reaching its conclusion. Because the court determines that remand is necessary, the issues raised in these motions are now moot and the court need not consider them.

Conclusion

For the foregoing reasons, the plaintiffs' motion to remand this case to New Hampshire Superior Court, Hillsborough County, Northern District (document no. 6) is granted. The clerk of court shall remand the state case to Hillsborough County Superior Court, Northern District.

SO ORDERED.

/s/Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

August 14, 2008

cc: Charles G. Douglas, III, Esq.
Edward K. O'Brien, Esq.
Jason R.L. Major, Esq.
Christopher Cole, Esq.
Francis A. Citera, Esq.
James P. Harris, Esq.